Bradley *et al. vs.* Sadler *et al.*

Lanier & Anderson; B. P. Hollis; Guerry & Son, for defendants.

———————

Jeptha M. Bradley *et al.,* plaintiffs in error, *vs.* Ann D. Sadler *et al.,* defendants in error.

1. Where a copy of the bill of exceptions was not served upon opposite counsel until after the expiration of ten days from the certificate of the judge, the writ of error will, on motion, be dismissed. (R.)
2. That such paper was sent to the clerk's office by counsel living in an adjoining county, and filed on the fourth day after it was certified by the judge,

and associate counsel residing in the county of the suit asked the clerk several times for the papers in the case, within time for perfect service, who replied that they had not come, will not prevent the dismissal.   (R.)

3. Whether a bill of exceptions may be filed before service; and whether, having been filed, it can be withdrawn to perfect service?   *Quære.*   (R.)

Practice in the Supreme Court.   Service.   Practice in the Superior Court.   Before the Supreme Court.   July Term, 1876.

The bill of exceptions in this case was certified by the judge on May 27th, 1876; was filed in the clerk's office on the 31st and served on June 8th, 1876.   Counsel for defendants moved to dismiss the writ of error because the bill of exceptions was not served within ten days from the date of the certificate of the judge.

In response to this motion, counsel for plaintiffs, as a part of his argument, submitted numerous affidavits which, in substance, showed that one of plaintiffs' attorneys resided in Lexington and one in Hartwell; that the attorney residing in the former place, immediately upon receiving the bill of exceptions from the judge, who resided in Warrenton, forwarded it by mail to the clerk of the superior court of Hart county, where the case was tried; that the original record was forwarded by express; that the attorney resident in Hartwell, upon being informed that the bill of exceptions had been forwarded by mail to the clerk, asked that officer for the papers in the case for the purpose of perfecting service; that he was at one time informed that the papers had not yet come, and at another that they were in the express office at Athens; that, as a matter of fact, at the times these various inquiries were made, the bill of exceptions was of file in the clerk's office, and the original record was in the possession of the express company at Athens; that after it was too late to perfect service within the time prescribed by law, in response to another demand, the clerk handed the original bill of exceptions to plaintiffs' attorney, who immediately served a copy thereof upon opposite counsel.

The court sustained the motion, enunciating the principles embraced in the above head-notes.